# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TORI ANN LAMONDA,<br><br>　　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of<br>Social Security,<br><br>　　　Defendant. | Case No.: 3:16-cv-00587-HDM-WGC<br><br>**Report & Recommendation of**<br>**United States Magistrate Judge**<br><br>Re: ECF No. 28 |

This Report and Recommendation is made to the Honorable Howard D. McKibben, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is a motion for attorney fees under 42 U.S.C. § 406(b) filed by Plaintiff's counsel. (ECF Nos. 28, 28-1 to 28-6.) Plaintiff did not file a response to the motion. The Commissioner of Social Security did not file a response to the motion.

After a thorough review, the court finds the fees requested to be reasonable and recommends that the motion be granted.

## I. BACKGROUND

Plaintiff, represented by counsel, filed her complaint requesting review of the final decision of the Commissioner. (ECF No. 1.) Plaintiff filed a motion for reversal and remand, and the Commissioner filed a response and cross-motion to affirm. (ECF Nos. 14, 21, 22.) The undersigned issued a report and recommendation that Plaintiff's motion be granted; the Commissioner's cross-motion be denied; and, that the matter be remanded for an award of benefits. (ECF No. 22.) District Judge McKibben adopted and accepted the report and recommendation, reversed the

Commissioner's final decision and remanded the case for an award of benefits and entered judgment in Plaintiff's favor. (ECF Nos. 23, 24.) The parties stipulated, and the undersigned ordered an award of attorney's fees and expenses under the Equal Access to Justice Act (EAJA) in the amount of $7,389.93 in fees and $400 in costs for a total of $7,789.93. (ECF Nos. 26, 27)

Plaintiff's representation was based on a contingency fee agreement. Plaintiff's counsel filed this motion requesting an award of attorney's fees in the amount of $15,455.75 under 42 U.S.C. § 406(b), with an offset of the $7,789.93 awarded under the EAJA. (ECF No. 28.) This is 25 percent of the benefits awarded ($61,823).

## II. LEGAL STANDARD

The court may award fees when it "renders a judgment favorable to a claimant ... who was represented before the court by an attorney ... not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. §406(b)(1).

"[A]n award under §406(b) compensates an attorney for all the attorney's work before a federal court on behalf of the Social Security claimant in connection with the action that resulted in past-due benefits." *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1220 (9th Cir. 2012). "The fee is payable 'out of, and not in addition to, the amount of [the] past-due benefits' awarded to the claimant." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citing §406(b)(1)). "§406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807.

In conducting the fee analysis, the court should begin with the contingent fee agreement and determine if it is within the 25 percent cap, and then test if for reasonableness. *Gisbrecht*, 535

U.S. at 808. In other words, "the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808).

*Crawford* has set forth factors that district courts should consider in determining the reasonableness of the fee, including: (1) the character of the representation (whether there was substandard performance or delay attributable to the attorney requesting the fees); (2) the results achieved; (3) whether the benefits of the representation were out of proportion with the time spent on the case; and, (4) the risk assumed by counsel in accepting the case. *Crawford*, 586 F.3d at 151-52. "'[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement,' but 'not as a basis for satellite litigation,' the court may require counsel to provide a record of the hours worked and counsel's regularly hourly billing charge for noncontingent cases." *Id*. at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The attorney bears the burden of establishing that the fee sought is reasonable. *Id*. at 1145, 1148 (citing *Gisbrecht*, 535 U.S. at 807) (approving requests for fees with an effective hourly rate of $659, $813 and $875); *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003) (noting that "[s]ince *Gisbrecht* ... district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceeds those for non-contingency-fee arrangements" because "courts recognize that basing a reasonableness determination on a simple hourly rate is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss.").

1    Finally, when fees are awarded under the EAJA, and fees are also awarded under section 406(b)(1) in the same case, the court must offset the EAJA award against the section 406(b) award. *Gisbrecht,* 535 U.S. at 796*; Parrish*, 698 F.3d at 1221.

### III. DISCUSSION

Here, the contingency fee agreement is within the statutory 25 percent cap. The contingency agreement was for a fee of 25 percent of past due benefits awarded if Plaintiff was successful (ECF No. 28-2), and counsel seeks an award of 25 percent of the benefits awarded.

Next, the court will address the *Crawford* factors. First, there is no issue with the character of the representation, i.e., nothing in the record suggests counsel's performance was substandard. There is no delay or dilatory conduct attributable to Plaintiff's counsel. Second, Plaintiff's counsel achieved a successful result—a remand that resulted in a fully favorable decision and award of past due benefits. (*See* ECF No. 28-4.) Third, the benefits of representation are not out of proportion with the time spent on the case. 41.3 hours were spent on this case. The fee of $15,455.75 for 41.3 hours of work translates to an hourly rate of $374.23, or an effective hourly rate of $185.61 after the EAJA fees are offset. Courts within this circuit have awarded fees under section 406(b) for higher rates. *See e.g. Crawford,* 586 F.3d at 1153 (approving effective hourly rates of $519, $875, and $902); *McCullough v. Berryhill,* Case No. 16-cv-00625-BLF, 2018 WL 6002324 (N.D. Cal. Nov. 15, 2018) (approving effectively hourly rate of $874.72); *Harrell v. Berryhill,* Case No. 16-cv-02428-TSH, 2018 WL 4646735, at *4 (N.D. Cal. Sept. 24, 2018) (finding de facto hourly rate of $1,213 reasonable under Gisbrecht); *Lopez v. Colvin*, Case No. 6:14-cv-1910-SI, 2017 WL 168060, at * 2 (N.D. Cal. Jan. 17, 2017) (approving effective hourly rate of $1,131); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at * 2 (C.D. Cal. Sept. 20, 2016) (approving effective hourly rate of $1,546.39). Counsel has submitted a detailed

billing statement in support of the requested fee that the court has reviewed and finds the work performed to be reasonable. Finally, counsel, as in most all Social Security cases, assumed a risk of going uncompensated in accepting the case and that the time before past due benefits were awarded, if any, could be quite lengthy within both the courts and the administration.

Applying *Gisbrecht* and *Crawford*, the court concludes that the fees requested are reasonable and should be awarded under section 406(b) in the amount of $ 15,455.75 with an offset to Plaintiff of $7,789.93 for the fees awarded under the EAJA.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING** the motion for attorney's fees under §406(b), and awarding Plaintiff's counsel $15,455.75 in fees with an offset to Plaintiff of $7,789.93 for the fees awarded under the EAJA.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: March 21, 2019.

_____
William G. Cobb
United States Magistrate Judge